Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JOSE ANTONIO AVILA, PRESILIANO AVILA
INDIVIDUALLY *AND ON BEHALF OF OTHERS*
*SIMILARLY SITUATED,*

                        *PLAINTIFFS,*

CLASSIC KOSHER FOODS INC., (D/B/A CLASSIC
KOSHER FOODS) JACOB FEUEREISEN (AKA
YAAIKOV FAVEREITSEN)

                    *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
**and CLASS ACTION**
**UNDER FRCP 23**

**ECF Case**

Plaintiffs Jose Antonio Avila and Presiliano Avila, bring this Class and Collective Action

Complaint on behalf of themselves and similarly situated co-workers against Classic Kosher

Foods Inc  (d/b/a Classic Kosher Foods), (collectively, "Defendants") pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y.

Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y.

Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York

Codes, Rules and Regulations ("NYCRR").

1

## **NATURE OF ACTION**

1.      This Class and Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, unlawful deductions and breach-of-contract and quantum meruit damages for Plaintiffs and similarly situated co-workers who have been employed by Defendants as Catering Assistants for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2.      Plaintiffs are former employees of Defendants who were ostensibly employed as Catering Assistants for Classic Kosher Foods in Brooklyn.

3.      As described herein, Individual Defendant Jacob Feuereisen (AKA Yaaikov Favereitsen) ("Individual Defendants") employ Plaintiffs' for the purposes of the instant claims.

4.      Classic Kosher Foods Inc. (d/b/a Classic Kosher Foods) is a New York Corporation with its headquarters at 28-18 Avenue K, Brooklyn NY 11210.

5.      Individual Defendants Jacob Feuereisen (AKA Yaaikov Favereitsen) operate and control Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6.      At all relevant times, Plaintiffs regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked

7.      At all relevant times, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.     At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     Plaintiffs now bring this Class and Collective Action on behalf of themselves and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

11.     In connection with the above-mentioned allegations and claims, Plaintiffs seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

12.     Plaintiffs seek certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

14.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

16.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiffs reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

17.     Plaintiffs bring his FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after May 8, 2014 who elect to opt-in to this action (the "FLSA Collective").

18.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

19.     As part of his regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.  Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

    b.  Willfully failing to keep records that satisfy statutory requirements.

20.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

21.     The claims of Plaintiffs stated herein are similar to those of the other employees and Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

22.     Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

23.     Defendants' unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from May 8, 2020 and the date of final judgment in this matter ("the Class").

25.     Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

26.     On information and belief, the size of the Class is roughly 20 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

27.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.   Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b.   Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

   c.   Whether Defendants misclassified Plaintiffs and members of the Class as exempt;

   d.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class, and other records required by the NYLL;

   e.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

   f.   The nature and extent of class-wide injury and the measure of damages for those injuries.

28.     Plaintiffs' claims are typical of the Class's claims that they seek to represent. Defendants employed Plaintiffs and the Class in New York State. Plaintiffs and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiffs and the Class have all sustained similar type of

damages as a result of Defendants' non-compliance with the NYLL. Plaintiffs and the Class have all been injured by virtue of Defendants' under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

29.     Plaintiffs will fairly and adequately represent and protect the interests of the Class's members. Plaintiffs understand that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the Class's interests. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Class.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation

practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

31.     This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

### *Plaintiffs*

32.     Plaintiffs Jose Antonio Avila, ("Plaintiff Jose Antonio") is an adult individual residing in Brooklyn, NY. Plaintiffs Jose Antonio was employed by Defendants for on or about (6) six months. At all relevant times to this complaint, Plaintiff Jose Antonio was employed by Defendants a sa Catering Assistants at 28-18 Avenue K, Brooklyn NY 11210.

33.     Plaintiff Presiliano Avila ("Plaintiff Persiliano") is an adult individual residing in Brooklyn, NY. Plaintiffs Persiliano was employed by Defendants for about a year. At all relevant times to this complaint, Plaintiffs Persiliano was employed by Defendants as a Catering Assistant at 28-18 Avenue K, Brooklyn NY 11210.

34.     Plaintiffs consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

### *Defendants*

35.     Individual Defendants have owned, operated and controlled Classic Kosher Foods Inc., all times relevant to this complaint.

36.     On information and belief, Classic Kosher Foods Inc.  is a corporation organized and existing under the laws of the State of New York?

37.     Upon information and belief both Classic Kosher Foods Inc., individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

38.     On information and belief, the operations of Classic Kosher Foods Inc., individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

39.     Defendant Jacob Feuereisen (AKA Yaaikov Favereitsen) are an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendants  Jacob Feuereisen (AKA Yaaikov Favereitsen) has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Jacob Feuereisen (AKA Yaaikov Favereitsen) have a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

40.     Defendants operate a kosher catering company where the Plaintiffs worked. At all relevant times, Individual Defendants Jacob Feuereisen (AKA Yaaikov Favereitsen) possess or

possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

41. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42. At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

43. Corporate Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

44. In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

45. At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

46. Individual Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

47. Individual Defendants supervised Plaintiffs' work schedules and conditions of his employment.

48.     Individual Defendants also determined the rate and method of payment for Plaintiffs and other similarly situated employees.

49.     Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiffs contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Jose Antonio Avila*

50.     Plaintiff is a former employee of Defendants, primarily employed in performing the duties of a Catering Assistant.

51.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure, but rather was controlled by Defendants.

52.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiffs did not receive salary and these primary duties

53.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

54.     Plaintiffs Jose Antonio was employed by Defendants from approximately 2011 until June 2019.

55.     Plaintiffs Jose Antonio regularly handled goods in interstate commerce, such as phones were produced outside of the State of New York**.**

56.      Plaintiffs Jose Antonio 's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiffs Jose Antonio regularly worked in excess of 40 hours per week.

58.     From approximately June 2011 until his departure Plaintiff Jose Antonio worked an average of (75) seventy-five hours per week, up to (95) ninety-five hours at times.  He worked from approximately 6:30am until approximately 9:00pm (6) six to (7) seven days every week.

59.     In the years 2014, 2015 and 2016, Plaintiff Jose Antonio was paid $11.00 per hour.  His salary was raised to $13.00 per hour in 2018.

60.     In 2019, Plaintiff Jose Antonio's salary was raised to $14.00.  Never was he paid overtime for hours beyond (40) per week.

61.     Plaintiff had to punch in when he reported to work and had to punch out at the end of his shift.

62.     Defendants did not provide Plaintiffs Jose Antonio with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

63.     Defendants never provided Plaintiffs Jose Antonio with a written notice of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Individual Plaintiff Presiliano Avila*

64.     Plaintiff Persiliano is a former employee of Defendants, primarily employed in performing the duties of a Catering Assistant at Classic Kosher Foods.

65.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure, but rather was controlled by Defendants.

66.     Plaintiffs worked a schedule for Defendants from approximately 9:00am until 9:00pm. Many times, Plaintiff had to stay past midnight to complete his work at the catering events that he worked for Defendants.

67.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiff did not receive salary but an hourly wage that changed throughout the years and sometimes varied per project.

68.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

69.     Plaintiff Persiliano was employed by Defendants on and off from approximately 2016 until June 2019.

70.     Plaintiff Presiliano was paid $10 per hour from 2016 until 2017.   His hourly rate was raised to $11 per hour and it remained that way until his departure in June 2019.

71.     Plaintiff Persiliano regularly handled goods in interstate commerce, such as phones that were produced outside of the State of New York.

72.      Plaintiff Persiliano's work duties required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Persiliano regularly worked in excess of 40 hours per week.

74.     Plaintiff Persiliano worked approximately from 6:00 am until on or about 8:00 am. (6) six or (7) days per week.

75.     Defendants did not provide Plaintiff Persiliano with an accurate statement of wages, as required by NYLL 195(3).

76.     Defendants never provided Plaintiffs Persiliano with a written notice of his rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

77.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

78.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as require by federal and state laws.

79.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

80.     By employing this practice, Defendants avoided paying Plaintiffs at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

81.     Defendants failed to post require wage and hour posters and did not provide Plaintiffs with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

83.     Defendants did not provide Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

84.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

85.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

86.

### FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

87.      Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

92.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

94.     Defendants, in violated of the FLSA, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

95.     Defendants failed to satisfy the FLSA's recordkeeping requirements.

96.     Defendants acted willfully in their violations of the FLSA's requirements.

97.      Plaintiffs (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL/)

98.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

100.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

101.     Defendants failed to pay Plaintiffs (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

102.     Defendants' failure to pay Plaintiffs (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Defendants, in violation of the NYLL, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

104.     Plaintiffs (and the Class Members) was damaged in an amount to be determined at trial.

105.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

106.     Defendants failed to pay Plaintiffs (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

107. Defendants' failure to pay Plaintiffs (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

108. Plaintiffs (and the Class members) was damaged in an amount to be determined at trial.

109. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

110. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

111. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorney's fees.

112. Plaintiffs repeats and realleges all paragraphs above as though set forth fully herein.

113. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

114. Defendants acted willfully in his violation of the above-described NYLL requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and his right to join, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c)     Designating Plaintiffs as Class Representatives, reasonable service awards for each Plaintiffs, and his counsel of record as Class Counsel;

(d)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(e)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(g)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(p)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 8, 2020

LINA STILLMAN, ESQ.

___/s/ *Lina Stillman* _____
By:     STILLMAN LEGAL, P.C.